IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD RAY WINTERS )<br>    Plaintiff )<br> )<br>vs. )<br> )<br>OFFICE OF CHILDREN & YOUTH )<br>CASEWORKER TRACEY MURPHEY, et al., )<br>    Defendants. ) | C.A. No. 06-33 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    REPORT**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d) due to lack of subject matter jurisdiction.

By separate Order filed this day, new case management deadlines are issued.

**II.    RECOMMENDATION**

    **A.    Introduction**

Plaintiff Ronald Ray Winters, presently incarcerated within the state correctional system of Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983.  In addition to his complaint, Plaintiff has filed a motion to proceed *in forma pauperis*.

In his complaint, Plaintiff does not specify what federal law he believes has been violated but alleges:

> 1. Tracy Murphy is a caseworker for the Erie County Office of Children and Youth Services.  She handled my case involving my daughter, Elizabeth Corinne Winters[.]  She changed my original complaint (statement) with OCY, to what she wanted the courts to believe.  Also she promised me contact with my child if I relinquished my parental rights.  She changed the court summary to best suit the courts needs.  She changed what she previously wrote in the summaries to make it as it never happened.  She never gave my parents a chance to get custody of my child, their grandchild.

1

> 2. Karen Klapsinos Attorney at Law was court appointed to represent me. She reviewed the letter from OCY and she also told me I would be able to have contact with my child. She repeatedly told me that I didn't have a chance to win my rights to my child and led me to believe I had no choice in the matter. She never filed any appeals I had asked her to. I wrote to Judge Elizabeth Kelly Erie County Court Judge. She forwarded my letters to Klapsinos, but Klapsinos never responded to my letters. Klapsinos never subpoenaed my witnesses for the trial. She also refused my phone calls to her office which were pre-paid calls, in which I paid for with a pre-paid calling card.

Document # 3. As relief, Plaintiff requests that this Court "grant me my parental rights back; monetary relief as suited by Court for mental and emotional suffering." Id.

### B.    Standard of Review

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

    **C.**    **The *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine limits this Court's jurisdiction over Plaintiff's claims. The United States Supreme Court has summarized the doctrine:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). See also Lance v. Dennis, ___ U.S. ___, 126 S.Ct. 1198 (February 21, 2006); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

This holding is consistent with decisions of the Third Circuit Court of Appeals as set forth in Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000), cert. denied, 535 U.S. 1055 (2002):

> This court has described the *Rooker-Feldman* doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts . . . . Further, we have explained that a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under *Feldman*, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong."

225 F.3d at 325 (citations omitted); see also ITT Corp. et al v. Intelnet Int'l Corp. et al, 366 F.3d 205 (3d Cir.2004).

In this case, the state court terminated plaintiff's parental rights and he seeks restoration of those rights by this Court. Thus, application of *Rooker-Feldman* in this instance is straightforward, as that doctrine does not "permit a disappointed state court plaintiff to seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." Logan v. Lillie, 965 F.Supp. 695, 698 (E.D.Pa.1997). "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." Id. Here, if Plaintiff were to prevail on any of his claims, then this Court would necessarily be finding that the state court was wrong and "would render [the state court] judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834 (3d Cir.1996).

In McKnight v. Baker, 343 F.Supp. 2d 422 (E.D.Pa. 2004), the federal district court was faced with a civil rights claim concerning a state court custody case and determined that such claims were barred to the extent that they would represent "an indirect attack on the custody determination" made in the state court. Id. at 426. The court found that the plaintiff was "essentially seeking federal court review of the decision of the Family Court denying him visitation rights" and determined that this was barred by *Rooker-Feldman*. "McKnight's proper avenue of appeal lies in the Pennsylvania state courts. . . 'And ultimately to the Supreme Court under [28 U.S.C.] §1257.'" Id. at 426, quoting Parkview Associates, 225 F.3d at 324. A similar result applies here. Plaintiff's claims implicate the validity of, and are inextricably intertwined with, the state court rulings made in the course of the termination of his parental rights. Thus, this Court lacks jurisdiction to adjudicate Plaintiff's claims and therefore, this action should be

dismissed as frivolous.[1]

### III.  CONCLUSION

For the foregoing reasons, this complaint must be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

> S/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> Chief United States Magistrate Judge

Dated: May 30, 2006

---

[1] A decision on the merits of Plaintiff's claims here would also run afoul of the "domestic relations exception" to federal jurisdiction since it could be seen as a ruling by this court on a matter exclusively within the state court's jurisdiction. See, Ankenbrandt v. Richards, 504 U.S. 689 (1992)(federal courts divested of power "to issue divorce, alimony, and child custody decrees").